ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| A & J RENTAL, LLC Y OTROS<br><br>Recurridos<br><br>v.<br><br>PEMSY GROUP CORPORATION Y OTROS<br>Demandados en TPI<br><br>PHILLIP R. MORRIS<br>Peticionario | KLCE202500206 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm. CO2024CV00165<br><br>Sobre: Interdicto Posesorio y Otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Phillip Richard Morris nos solicita que revisemos la Resolución que notificó el Tribunal de Primera Instancia, Sala de Aibonito, el 22 de noviembre de 2024. En esta denegó desestimar la demanda incoada contra el peticionario y le anotó la rebeldía.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari*, revocamos la *Orden* recurrida y devolvemos el asunto al foro primario para la celebración de una vista.

## I.

El 6 de abril de 2024, A & J Rental, LLC, Ángel Isaac Díaz Rivera, t/c/c Ángel Díaz y Jovana Zambrana (parte recurrida), interpusieron una Demanda de sentencia declaratoria, interdicto permanente y daños y perjuicios y otros, contra varias personas, entre ellas, Phillip Richard Morris (Morris). A este lo denominaron como sigue:

La parte codemandada es Phillip Richard Morris: NMLSR: "210092". Banquero hipotecario privado desde 2004. Dirección 1345 Campbell Road Suite 222 Houston, TX 77055. Teléfono (832) 941-1026. Como banquero hipotecario confirió el préstamo a las partes codemandantes para comprar los apartamentos que no están aptos para ser habitables en detrimento del Truth in Lending Act (en adelante "TILA" en inglés), 15 USCA et. seq.

Incluyeron, además, como demandado, a CalCon Mutual Mortgage, LLC dba One Trust Home Loans, en calidad de prestador hipotecario.

Ese mismo día, 6 de abril de 2024, los demandantes presentaron una *Solicitud de Emplazamiento por Edicto* para Phillip Richard Morris y CalCon Mutual Mortgage, LLC dba One Trust Home Loans.  Fundamentaron su petición en virtud de la Regla 4.6 (a) de Procedimiento Civil, 32 LPRA Ap. V, e indicaron que estos codemandados, "no son residentes de Puerto Rico".

Entretanto, el 8 de abril de 2024, la secretaria del Tribunal expidió el emplazamiento personal para Morris a la dirección en 1345 Campbell Road Suite 222, Houston TX  77055.

El 8 de abril de 2024, el caso fue trasladado a la sala de Aibonito.[1]  Así las cosas, el 29 de abril de 2024, notificada el 6 de mayo de 2024, el Tribunal emitió una *Orden* de emplazamiento por edictos, para lo cual, expresó lo siguiente:

La parte demandante ha presentado una solicitud de autorización de emplazamiento por Edicto bajo la Regla 4.6 de las de Procedimiento Civil de 2009. Luego de examinar la solicitud y la demanda jurada de la demandante, **donde se hace constar que Phillip Richard Morris** y CalCon Mutual Mortgage, LLC dba One Trust Home Loans **no son residentes de Puerto Rico**; así como, vista la demanda jurada del presente caso donde surge que existe una reclamación que justifica la concesión de un remedio contra la parte a ser emplazada o que dicha parte es parte apropiada en el pleito; se declara Con Lugar la solicitud. En su

---

[1] Según corroborado en el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 12.

consecuencia, se ordena el emplazamiento por Edicto de la parte demandada, **Phillip Richard Morris** y CalCon Mutual Mortgage, LLC dba One Trust Home Loans.

En la orden del 29 de abril de 2024, el Tribunal le requirió a los demandantes que publicaran el edicto, dentro del término de treinta (30) días. Agregó que, "dentro de los diez (10) días siguientes a la publicación del mismo se le dirigirá a dicho demandado copia de la demanda y del emplazamiento presentados por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito; **al lugar de su última dirección física o postal conocida**."[2] Le apercibió a la parte demandante cumplir con el requisito de envío por correo certificado de copia de la demanda y emplazamiento, luego de lo cual, debía, sin dilación, presentar prueba de haber cumplido con esos requisitos. Indicó el Tribunal que, "de no cumplirse con lo anterior el caso podrá ser desestimado bajo la Regla 4.3(c) de las de Procedimiento Civil."[3]

Consecuentemente, el 6 de mayo de 2024, se expidió el Emplazamiento por Edictos para Phillip Richard Morris y Calcon Mutual Mortgage, LLC DBA One Trust Home Loans.

Después de otros sucesos, el **25 de septiembre de 2024**, la parte demandante presentó una *Moción al Expediente Judicial en Cumplimiento*. Allí le informó al Tribunal que cumplió con los requisitos para emplazar. Incluyó en los anejos la publicación del emplazamiento por edictos en el periódico El Vocero de fecha del **16 de julio de 2024**; la declaración jurada que expidió El Vocero

---

[2] Apéndice, pág. 33.
[3] Íd.

el 17 de julio de 2023[sic], así como, la hoja del U.S. Postal Service, con el estampado del 23 de julio de 2024, dirigida a **Phillip Richard Morris**, a la dirección en el **1345 Campbell Road Suite 212, Houston, TX 77055**.[4] No incluyó el acuse de recibo o el sobre devuelto por el correo postal.

Entretanto, Calcon Mutual solicitó la desestimación de la acción en su contra, por no haberse acreditado las diligencias realizadas para emplazarlo personalmente.[5]

Más adelante, el 4 de octubre de 2024, notificada el día 8 de ese mes y año, el Tribunal emitió una Resolución. En lo aquí pertinente, en relación con el codemandado Morris, expresó que ese emplazamiento por edicto fue emitido conforme a derecho, ya que fue solicitado y diligenciado conforme a las disposiciones de la Regla 4.6 (a) de las de Procedimiento Civil vigentes. Respecto a CalCon Mutual Mortgage, LLC, desestimó sin perjuicio la acción contra dicha parte, por no haber sido emplazado debidamente.

Entretanto, el 10 de octubre de 2024, uno de los codemandados, Pemsy Group Corporation, interpuso una *Moción Solicitando la Suspensión de este Pleito hasta que los Demandantes Presten la Fianza de No Residente*.[6]

Así las cosas, el 29 de octubre de 2024, los demandantes presentaron una *Solicitud de Anotación de Rebeldía y se Dicte Sentencia por las Alegaciones Contra la Parte Codemandada Phillip Richard Morris*. Le solicitaron al Tribunal que le anotara la rebeldía a Morris y que dictara sentencia por las alegaciones, dado que la parte codemandada no sometió una alegación responsiva, luego de haberse diligenciado su emplazamiento.

---

[4] Apéndice, pág. 38.
[5] SUMAC, entrada 32.
[6] SUMAC, entrada 55.

Ese mismo día, 29 de octubre de 2024, Morris reaccionó con una *Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal, en Solicitud de Desestimación Por Falta de Jurisdicción Por Insuficiencia en el Diligenciamiento del Emplazamiento Bajo las Reglas 10.2(2), (3) y/o (4) y bajo la Regla 4.3(C)*. En síntesis, informó que su dirección física y postal era: **2002 Ashgrove Drive, Houston, Texas 77077**, indicó su número de teléfono y su dirección de correo electrónico como philm3131@gmail.com. Alegó que la dirección en 1345 Campbell Road, Suite 222 Houston TX, que le atribuyeron los demandantes en la demanda, estaba incorrecta. Sostuvo que el tribunal expidió los emplazamientos por edictos sin contar con una declaración jurada evidenciando las gestiones de los demandantes para emplazarle personalmente. Afirmó que el Tribunal le requirió que los demandantes publicaran el emplazamiento por edicto para Morris "dentro del término de treinta (30) días" a partir de la notificación de la Orden y que, dentro de los diez (10) días a partir de la publicación del edicto, notificaran copia de la demanda y del emplazamiento por edicto a Morris "al lugar de su última dirección física o postal conocida". Señaló que la parte demandante incumplió, pues no se publicó el emplazamiento en el término indicado, no envió la documentación a una dirección correcta y no se le informó al tribunal de las gestiones, sin dilación, como fue ordenado. Mencionó que los demandantes no incluyeron el sobre que devolvió el correo postal. Afirmó que fue el 25 de septiembre de 2024, cuando los demandantes sometieron al Tribunal la evidencia de haber realizado la publicación del emplazamiento por edicto para Morris a una dirección equivocada. En cuanto a la dirección, aclaró que, desde el **1 de junio de 2023**, los demandantes conocían que la dirección física y postal de Morris,

para aquel momento, era 11451 Katy Freeway, Suite 360, Houston, Texas 77079, según trasciende de un correo electrónico que le enviaron al demandante.[7] Morris incluyó, como parte del apéndice, el referido correo electrónico, una declaración jurada y documentos que reflejan el trámite, en el correo postal, de la carta enviada. En fin, adujo que los demandantes no evidenciaron al Tribunal el haber llevado a cabo "un esfuerzo razonable para encontrar una dirección correcta donde la notificación pueda ser enviada" a Morris. Dijo que los demandantes se cruzaron de brazos y no notificaron correctamente a Morris con copia de la demanda y del emplazamiento por edicto. Por estas razones, solicitó que se desestimara la demanda, sin perjuicio, en cuanto a Morris, al amparo de la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).

El 22 de noviembre de 2024, el Tribunal emitió una Orden mediante la cual le anotó la rebeldía a Morris, entre otras, a saber:

> En cuanto a la anotación de la Rebeldía solicitada contra Phillip Richard Morris, entrada [70] de SUMAC, **ha lugar**.
>
> En cuanto a la solicitud de sentencia por las alegaciones solicitada a la entrada [70] de SUMAC, **No ha lugar en este momento**.
>
> A la entrada [53] de SUMAC determinamos que el emplazamiento por edicto fue conforme a la Regla 4.6(a). Dicha regla reza en lo pertinente: "Regla 4.6 Emplazamiento mediante edictos y su publicación - Cuando la persona a ser emplazada esté fuera de Puerto Rico, ..." Esa coma luego de Puerto Rico es un signo ortográfico disyuntivo de lo que continúa diciendo el texto de la referida regla.
>
> Dicho lo anterior, a la solicitud presentada por el codemandado sin someterse a la jurisdicción del Tribunal presentada a la entrada [71] de SUMAC, **No ha lugar**.
> Cónsono con esta determinación se declara **No ha lugar**, **la solicitud anunciada en la entrada [90] de SUMAC**.

---

[7] Apéndice, pág. 51.

En respuesta, ese mismo 22 de noviembre de 2024, Morris solicitó reconsideración, mediante el documento intitulado *Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal, en Solicitud de Reconsideración de Orden Denegando Moción de Desestimación Por Falta de Jurisdicción Por Insuficiencia en el Diligenciamiento del Emplazamiento Bajo las Reglas 10.2(2), (3) y/o (4) y Bajo la Regla 4.3(C) y Anotando la Rebeldía a Morris.* Señaló que la anotación de rebeldía fue prematura e improcedente en derecho. Indicó que lo que cuestionó era que los demandantes no cumplieron con los requisitos para efectuar el emplazamiento por edicto a Morris, conforme a derecho, pues no se le notificó a la última dirección conocida. Señaló que esa notificación defectuosa, tornó el emplazamiento en nulo, lo que conlleva que el Tribunal no adquirió jurisdicción sobre su persona. Adujo que los demandantes no realizaron gestiones para obtener otra dirección de Morris, luego de que el servicio postal de los EE. UU. le devolviese la notificación enviada a su antigua dirección. Recalcó que procede la desestimación de la demanda en cuanto a Morris.[8]

El 10 de enero de 2025, notificada el 14 de enero de 2025, el Tribunal emitió una *Resolución y Orden paralización hasta prestación de Fianza.* En esta ordenó la paralización de los procedimientos, hasta tanto los demandantes prestaran la fianza de no residente por la suma de cinco mil ($5,000.00) dólares.

Entretanto, el 21 de enero de 2025, los demandantes presentaron una *Oposición a Moción de Reconsideración (SUMAC 104)*. La parte recurrida afirmó que emplazó por edicto a Morris. Indicó que, de conformidad a la Regla 4.6 de Procedimiento Civil,

---

[8] Apéndice, págs. 60-61.

*supra*, el **23 de julio de 2024**, le envió a la dirección postal de dicha parte en 1345 Campbell Road Suite 212 Houston, TX 77055, los documentos del emplazamiento por edicto, la copia de la demanda jurada de los demandantes, la copia del edicto según publicado en el periódico y la declaración jurada que acredita la publicación del edicto en el periódico. Alegó que, como la parte demandada se encuentra fuera de Puerto Rico, el emplazamiento por edicto era automático.   Agregó que la parte demandada no sometió su alegación responsiva dentro del término que le concede la ley.

Evaluado el asunto, el 29 de enero de 2025, notificada el 31 de enero de 2025, el Tribunal emitió una *Orden* en la cual determinó, "No ha lugar a la solicitud de reconsideración presentada a la solicitud de desestimación de Phillip Richard Morris."[9]  Posteriormente, el 20 de febrero de 2025, el Tribunal levantó la paralización de los procedimientos.[10]

Inconforme, el 28 de febrero de 2025, Morris, interpuso el presente recurso de *certiorari,* en el que formula los siguientes señalamientos:

> **Primero:** Erró el TPI al emitir la Orden de Rebeldía y denegar la Moción de Desestimación a pesar de los Demandantes haber incumplido con las exigencias de la Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R.4.6(a), y no haber notificado copia del emplazamiento por edicto y de la demanda a Morris a la última dirección de Morris conocida por los demandantes.
>
> **Segundo:** Erró el TPI al emitir la Orden de Rebeldía y anotar la rebeldía a Morris el mismo día que denegó la Moción de Desestimación, sin permitir a Morris presentar su contestación a la demanda dentro del plazo de diez (10) días dispuesto por la Regla 10.1 (1) de Procedimiento Civil, 32 LPRA Ap. V. R. 10.1(1).
>
> **Tercero:**  Erró el TPI al denegar la Moción de Reconsideración en cuanto a la denegatoria de la

---

[9] Apéndice, pág. 78.
[10] Apéndice, pág. 79.

Moción de Desestimación y, presumiblemente, en cuanto a la anotación de rebeldía también.

**Cuarto:** Erró el TPI al denegar la Moción de Reconsideración a pesar de encontrarse suspendidos los procedimientos bajo la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V. R. 69.5.

El 21 de marzo de 2025, la parte recurrida presentó su *Oposición a Expedición de Auto de Certiorari*. Con el beneficio de ambos escritos, disponemos.

## II.

## A.

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido

recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., *supra*; McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, *supra*, pág. 709.  En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.  Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales

deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

BPPR v. SLG Gómez López, 213 DPR 314, 337 (2023).

**B.**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. Ross Valedón vs. Hosp. Dr. Susoni Et Al, 213 DPR 481, 487-488 (2024); Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021). De esta forma, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Íd.

Las Reglas de Procedimiento Civil establecen que el emplazamiento se diligencia de forma personal o mediante edicto. Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1005 (2021); Sánchez Ruiz v. Higuera Pérez, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Caribbean Orthopedics v. Medshape et al., *supra*.

En lo aquí pertinente, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, gobierna todo lo relacionado con el emplazamiento por edictos y su publicación, a saber:

(a) **Cuando la persona a ser emplazada esté fuera de Puerto Rico**, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida,** a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

De una lectura de la disposición citada se desprende que el emplazamiento mediante edictos está estructurado para cuatro situaciones específicas, cuando la persona a ser emplazada: (1) **se haya fuera de Puerto Rico**; (2) aunque se encuentre en Puerto Rico, no puede ser localizada; (3) estando en Puerto Rico, se oculta para no ser emplazada, o (4) cuando se trata de una corporación extranjera sin agente residente. Rivera v. Jaume, 157 DPR 562, 576 (2002).

El Tribunal Supremo de Puerto Rico, en Rivera v. Jaume, *supra*, págs. 576-577, estableció que, si el demandado está fuera

de Puerto Rico y se conoce su dirección, no es necesario intentar citarle personalmente. Sobre ello, el Foro Supremo explicó lo siguiente:

> En los casos en que el demandado se encuentre fuera de Puerto Rico y **la parte demandante ignora la dirección del demandado fuera de Puerto Rico**, **se exige prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto** y relevar al demandante del envío por correo de los documentos pertinentes. Por el contrario, **cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo**. (Énfasis nuestro).

A su vez, la citada Regla 4.6 de Procedimiento Civil, *supra*, exige, que a los diez (10) días siguientes a la publicación del edicto, se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo **al lugar de su última dirección física o postal conocida.**

Se cumple con el requisito de notificación al lugar de la última residencia conocida del demandado si dicha notificación se envía a una dirección que **esté razonablemente calculada**, dentro de las circunstancias particulares del caso, para avisarle a la parte contraria de la reclamación que se ha presentado en su contra. Rivera v. Jaume, *supra*, págs. 577-578; Rodríguez v. Nasrallah, 118 DPR 93, 102 (1986). La dirección puede ser una postal dentro del último lugar de residencia conocida del demandado, siempre que se pruebe a satisfacción del tribunal que el envío de la notificación de la demanda y el emplazamiento a

esa dirección razonablemente le informará al demandado de la reclamación en su contra. Íd*.*

También se ha interpretado que cuando la dirección que se ofreció en la declaración jurada para autorizar el emplazamiento mediante edicto ya no es la dirección del demandado, se requiere del demandante un esfuerzo razonable para encontrar una dirección correcta donde la notificación pueda ser enviada*.* Rivera v. Jaume, *supra*, pág. 580[11].

A tenor con lo anterior, la Regla 4.7 de Procedimiento Civil, *supra*, requiere la prueba del diligenciamiento, a saber:

> La persona que diligencie el emplazamiento presentará en el Tribunal la **constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer**. […] En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. En los casos de emplazamiento comprendidos en la Regla 4.3(b)(2) y (5) se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.6, **se presentará el acuse de recibo de la parte demandada**. **La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez**. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba. (Énfasis suplido).

En cuanto al término para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, instituye que:

> [e]l emplazamiento será diligenciado en el término de **ciento veinte** (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en

---

[11] Citando a Board of Cty. Com'rs v. Knight, 574 P.2d 575, 579 (Kan. 1978).

que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro). Ross Valedón vs. Hosp. Dr. Susoni Et Al, *supra*.

Al solicitar el emplazamiento por edictos, el término improrrogable de ciento veinte (120) días para emplazar comienza a transcurrir cuando se autoriza y se expide el emplazamiento por edicto. Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 994. Para ello, la parte demandante tiene que solicitar su expedición antes de que finalice el término para diligenciar el emplazamiento personal. Íd.

En cuanto al término para contestar una demanda, la Regla 10.1 de Procedimiento Civil, *supra*, indica que, "[u]na parte demandada que se encuentre en o **fuera** de Puerto Rico deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda o de haberse publicado el edicto, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.6." 32 LPRA Ap. V, R. 10.1. Esta regla añade lo siguiente:

> La notificación de una moción permitida por estas reglas o bajo la Regla 36, **altera los términos arriba prescritos del modo siguiente**, a menos que por orden del tribunal se fije un término distinto: (1) si el tribunal deniega la moción o pospone su resolución hasta que se celebre el juicio en sus méritos, la alegación correspondiente deberá ser notificada dentro de los diez (10) días siguientes a la notificación de la orden del tribunal. […]

**C.**

Por último, en nuestro estado de derecho se ha indicado que la rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 587 (2011).

La anotación de la rebeldía se encuentra plasmada en nuestro derecho procesal civil en la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1.  que dispone en lo pertinente como sigue:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> […]
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b). La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

El primer párrafo permite la anotación de la **rebeldía** por incomparecencia y esto ocurre cuando la parte demandada no comparece **después de haber sido emplazada**, no se defiende mediante moción ni presenta oportunamente la contestación a la demanda. Mitsubishi Motor v. Lunor y otros, 212 DPR 807, 823 (2023); Rivera Figueroa v. Joe's European Shop, *supra*, pág. 589. (Énfasis nuestro).

Los efectos o consecuencias de la anotación de rebeldía es que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia, si ésta procede

como cuestión de derecho. <u>Mitsubishi Motor v. Lunor y otros</u>, *supra,* pág. 824*;* <u>Rivera Figueroa v. Joe's European Shop</u>, *supra.*

Ahora bien, la Regla 45.3 de Procedimiento Civil, le concede facultad a los tribunales para dejar sin efecto la rebeldía, a saber; "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice." 32 LPRA Ap. V, R. 45.3. Según establece la Regla 45.3 de Procedimiento Civil, *supra*, "dejar sin efecto" tal anotación dependerá de la existencia de justa causa. <u>Rivera Figueroa v. Joe's European Shop</u>, *supra*. La acreditación de la justa causa le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla. La acreditación de justa causa se hace con explicaciones concretas y particulares –debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. <u>Soto Pino v. Uno Radio Group</u>, 189 DPR 84, 93 (2013); <u>Febles v. Romar</u>, 159 DPR 714, 720 (2003).

Presentada la normativa jurídica que enmarca la controversia que atendemos, procedemos a aplicarla a los hechos.

**III.**

El peticionario Morris alegó que los demandantes intentaron emplazarlo por edicto, pero no le notificaron copia de la demanda y del emplazamiento a la última dirección. Explicó que, mediante una comunicación del 1 de junio de 2023, le notificó su dirección a los demandantes que ubicaba en 11451 Katy Freeway, Suite 360, Houston, Texas 77079. Sostuvo que el recurrido incumplió el requisito estatutario de la Regla 4.6(a) de Procedimiento Civil, supra, de enviar el emplazamiento **a la última dirección conocida, lo cual torna el emplazamiento en inválido e**

**ineficaz**. A su vez, indicó que la copia de la demanda y del emplazamiento por edicto fue devuelta por el Servicio Postal, **lo que requería un esfuerzo razonable del demandante para encontrar una dirección correcta para enviar la notificación**.

Señaló también, que el 6 de mayo de 2024, el Tribunal expidió el emplazamiento por edictos y le requirió a los demandantes que lo publicaran dentro de los treinta (30) días de notificada la orden, pero los demandantes incumplieron con ese término. De otro lado, indicó que el demandante tenía hasta el 3 de septiembre de 2024, para emplazar por edicto a Morris correctamente y no lo hicieron, pues no notificaron a la última dirección. Ante ello, sostuvo que, a partir del 4 de septiembre de 2024, el Tribunal venía obligado a desestimar la acción incoada contra Morris.

En el segundo señalamiento de error, Morris arguyó que una vez el Tribunal denegó la moción de desestimación, procedía que se le concedieran los diez (10) días para contestar la demanda, acorde a la Regla 10.1 de Procedimiento Civil, *supra*.

En el tercer señalamiento de error, explicó que advino en conocimiento de la demanda porque el 9 de abril de 2024, la representación legal de los demandantes le notificó un correo electrónico a la dirección de su nuevo trabajo en HyperSmart Home Loans, para que Morris renunciase al emplazamiento. Mencionó que esta comunicación denota que los demandantes sabían que la dirección a donde enviaron el emplazamiento no era una razonablemente calculada para que Morris recibiera la demanda y el emplazamiento. Por otro lado, sostuvo que ese mensaje no sustituyó el emplazamiento, como tampoco

constituyó una solicitud válida de renuncia al emplazamiento, conforme a la Regla 4.5(b) de Procedimiento Civil.[12]

Por último, en el cuarto señalamiento, adujo que los procedimientos estaban suspendidos desde el 10 de enero de 2025, conforme la Orden de Paralización que emitió el Tribunal. Por tanto, la Orden que el foro primario emitió el 29 de enero de 2025 para denegar la Moción de Reconsideración estaba errada.

La parte recurrida, por su parte, en síntesis, alegó que Morris se encontraba en los Estados Unidos de Norteamérica, por lo tanto, procedía solicitar el emplazamiento por edictos de forma automática.

Disponemos. Sabido es que el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. Así, pues una vez emplazado, el demandado podrá comparecer al juicio, ejercer su derecho a ser oído y presentar prueba a su favor. En cuanto al emplazamiento por edictos, la Regla 4.6 de Procedimiento Civil, supra, y la jurisprudencia interpretativa provee para que cuando un demandado que se encuentre fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra, el tribunal pueda emitir una orden para disponer que el emplazamiento se haga por un edicto.

De los hechos que informa esta causa surge que la parte demandante le solicitó al Tribunal emplazar a Morris por edicto porque presuntamente éste se encontraba fuera de Puerto Rico.[13] Sin embargo, no surge del expediente que los demandantes le acreditaran al foro primario que les constaba que la dirección que le atribuyeron a Morris, fuera de Puerto Rico, era el lugar

---

[12] Regla 4.5. Renuncia al emplazamiento personal; deber de la parte demandada de evitar los gastos del diligenciamiento de un emplazamiento.
[13] Apéndice, pág. 23.

específico donde este se encontraba. Este trámite era necesario para justificar su petición del emplazamiento por edicto.

Asimismo, como parte de los requisitos del emplazamiento por edicto es imperativo que la parte demandante le notifique al demandado una copia del emplazamiento y de la demanda presentada **al lugar de su última dirección conocida**. Aquí, el emplazamiento fue publicado el 17 de julio de 2024 y el 23 de julio de 2024 los demandantes le cursaron la correspondencia a Morris a la dirección en 1345 Campbell Road Suite 212 Houston, TX 77055. Empero, no surge del expediente ante nuestra consideración, el acuse de recibo de la referida carta o el sobre devuelto, como lo exige la Regla 4.7 de Procedimiento Civil, *supra*.

Sobre este particular, Morris alegó que, la correspondencia fue devuelta pues esa no era su dirección. Aclaró que desde el 1 de junio de 2023 le había notificado a los demandantes otra dirección en 11451 Katy Freeway, Suite 360, Houston, Texas 77079.

Por tanto, el trámite de la expedición del emplazamiento por edictos, así como la debida notificación está en total controversia. En particular, si la dirección que los demandantes utilizaron para emplazar a Morris por edictos era la última dirección conocida de ese codemandado. Para aclarar esta disyuntiva, procede devolver este asunto al foro primario para que celebre una vista.

Ello es indispensable porque un error en la expedición del emplazamiento y la notificación de este trastoca el debido proceso de ley, el cual preceptúa que las partes sean notificadas a su última dirección conocida.

Como hay discrepancias con el emplazamiento, a los fines de salvaguardar el debido proceso de ley, dejamos sin efecto la anotación de rebeldía.

Devolvemos el asunto al Foro Primario para que celebre una vista a los fines de indagar si los demandantes realizaron gestiones para obtener la última dirección conocida de Morris antes de solicitar el emplazamiento por edictos. Además, debe acreditar si, el servicio postal de los Estados Unidos de Norteamérica le devolvió a los demandantes el sobre con la notificación del emplazamiento y la demanda o el acuse de recibo. De haber recibido devuelto el sobre del correo postal, la parte demandante debe acreditar sus gestiones para obtener el lugar específico donde Morris se encontraba, a los fines de notificarle la demanda y el emplazamiento.

De no acreditarse que Morris fue debidamente emplazado y notificado, procede expedir un nuevo emplazamiento con la última dirección que Morris le brindó al tribunal en su comparecencia.

## IV.

Por las razones antes expresadas, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida, mediante la cual se le anotó la rebeldía a Morris, dejando la misma sin efecto. Devolvemos el asunto al Tribunal de Instancia para la celebración de una vista, a tenor con lo aquí expresado.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones